WRIGHT, FINLAY & ZAK, LLP
Edgar C. Smith, Esq.
Nevada Bar No. 5506
Robert A. Riether, Esq.
Nevada Bar No. 12076
7785 W. Sahara Ave, Suite 200
Las Vegas, Nevada 89117
(702) 475-7967; Fax: (702) 946-1345
rriether@wrightlegal.net
*Attorneys for Plaintiff, Deutsche Bank National Trust Company, as Trustee for the Holders of the First Franklin Mortgage Loan Trust 2006-FF5, Mortgage Pass-Through Certificates, Series 2006-FF5*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE HOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN TRUST 2006-FF5, MORTGAGE PASS- THROUGH CERTIFICATES, SERIES 2006-FF5., a National Association,<br><br>                    Plaintiff,<br><br>        vs.<br><br>SATICOY BAY LLC SERIES 7920 CORAL POINT, a Nevada Limited Liability Company; TERRA WEST COLLECTIONS GROUP LLC d/b/a Assessment Management Services, a Nevada Limited Liability Company and SOUTH SHORES COMMUNITY ASSOCIATION, a Nevada Non-Profit Coop Corporation<br><br>                    Defendants. | Case No.:   2:17-cv-00907-RFB-GWF<br><br>**STIPULATION AND ORDER STAYING DISCOVERY** |

Comes now, Plaintiff, Deutsche Bank National Trust Company, as Trustee for the Holders of the First Franklin Mortgage Loan Trust 2006-FF5, Mortgage Pass-Through Certificates, Series 2006-FF5 ("Deutsche"), Saticoy Bay LLC Series 7920 Coral Point, LLC

("Buyer"), and South Shores Community Association ("HOA"), by and through their respective attorneys of records, and hereby agree and stipulate as follows.

1. On March 31, 2017, Deutsche filed a Complaint (Docket No. 1).

2. HOA filed a Motion to Dismiss on April 26, 2017 (Docket No. 9), which is fully briefed and pending with the Court.

3. Buyer filed a Motion to Dismiss on May 3, 2017 (Docket No. 11), which is fully briefed and pending with the Court.

4. On June 9, 2017 this Court entered a Scheduling Order relating to the discovery plan in this case (Docket No. 18), setting discovery cutoff for March 8, 2018.

5. Federal district courts have "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

6. To determine if a stay is appropriate, the court considers (1) damage from the stay; (2) hardship or inequity that befalls one party more than the other; and (3) the orderly course of justice. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (setting forth factors). Here, the factors support a stay of all proceedings based on the pending Motions to Dismiss as well as the pending certified question to the Nevada Supreme Court in *Bank of New York Mellon v. Star Hill Homeowners Association*, 2:16-cv-2561-RFB-PAL/Nev. S. Ct. Case No. 72931[1].

7. The parties believe a stay is warranted because they will be able to avoid the cost of expense of continued written discovery and depositions on issues that may be

---

[1] Buyer believes the certified question relates to whether NRS §116.31168(1)'s incorporation of NRS §107.090 required a homeowner's association to provide notices of default and/or sale to persons or entities holding a subordinate interest even when such persons or entities did not request notice, prior to the amendments that took effect on October 1, 2015 (Nev. S. Ct. Case No. 72931 (Order Accepting Certified Question, Directing Briefing and Directing Submissions of Filing Fee, filed June 13, 2017), ECF No. 41.

irrelevant based on the outcomes of the pending motions and on the aforementioned certified question.  Moreover, the Court will be relieved of expending further time and effort considering any discovery-related motions or protective orders.

8.  The parties agree there will be no significant hardship or inequity against any party, and it is appropriate for this Court to exercise its power to grant a stay of discovery at this time.  A trial date has not yet been set and the outcome of the pending motions to dismiss as well as the certified question will potentially result in resolution of the entire case.

Based on the foregoing, IT IS HEREBY STIPULATED AND AGREED that discovery on the above-identified action should be stayed pending a decision from the Court on the pending motions to dismiss as well as the aforementioned certified question.

Consistent herewith, IT IS FURTHER STIPULATED AND AGREED that any noticed depositions are vacated, and deadlines for any pending written discovery are suspended until further order of the Court.

IT IS SO STIPULATED.


DATED this 11th day of January, 2018.

**WRIGHT, FINLAY & ZAK, LLP**

*/s/ Robert A. Riether, Esq.  _____ _____*
Robert A. Riether, Esq.
Nevada Bar No. 12076
7785 W. Sahara Avenue, Suite 200
Las Vegas, Nevada 89117
*Attorneys for Plaintiff, Deutsche Bank National Trust Company, as Trustee for the Holders of the First Franklin Mortgage Loan Trust 2006-FF5, Mortgage Pass-Through Certificates, Series 2006-FF5*

DATED this 11th day of January, 2018.

**LEACH JOHNSON SONG & GRUCHOW**

*/s/ Ryan D. Hastings, Esq.*
Ryan D. Hastings, Esq.
Nevada Bar No. 12394
8945 W. Russell Road, Suite 330
Las Vegas, Nevada 89148
*Attorneys for Defendant South Shores Community
Association*


DATED this 11th day of January, 2018.

**GEISENDORF & VILKIN, PLLC**

*/s/ Charles L. Geisendorf, Esq.*
Charles L. Geisendorf, Esq.
Nevada Bar No. 6985
2470 St. Rose Parkway, Ste. 309
Henderson, Nevada 89074
*Attorneys for Defendant Saticoy Bay, LLC Series 7920
Coral Point*


## <u>ORDER</u>

**IT IS SO ORDERED.**

Dated this  12th  day of ___January___, 2018.

_____
UNITED STATES MAGISTRATE JUDGE